

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: INTER-OP HIP PROSTHESIS LIABILITY LITIGATION | : MDL Docket No. 1401 |
| | : |
| | : JUDGE O'MALLEY |
| | : |
| | : **PRACTICE & PROCEDURE ORDER** |
| | : |

- This Order, issued pursuant to 28 U.S.C. §1407(a), shall govern the practice and procedure in: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its order of **June 20, 2001**; and (2) all related cases originally filed in this Court or transferred or removed to this Court. These cases are listed in Schedule A, attached, and are coordinated for pretrial purposes.

- This Order shall also govern the practice and procedure in: (2) any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to Rule 1 of the Rules of Procedure of that Panel, subsequent to the filing of the final transfer order by the Clerk of this Court; and (2) any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

- A signed original of any pleading or paper shall be filed; no copies are necessary. All papers filed in these actions shall bear the identification "**MDL Docket No. 01-CV-9000**," and when the paper relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If the paper does not relate to all of these actions, then the individual

docket numbers assigned by the Clerk of this Court (as listed in Schedule A) of those actions to which the paper relates shall also be listed. If the paper relates to five or fewer actions, the abbreviated caption of each of the actions may be listed opposite its number.

- Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall <u>not</u> be filed with the Court, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

- Any paper filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

- Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

- Prior to the first pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as Schedule B. Any attorney who wishes to have his name added to or deleted from the Panel Attorney Service List may do so upon request to the Clerk of this Court, with notice to all other persons on the Service List. Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List. **The parties shall present to the Court at the first pretrial conference a list of attorneys for purposes of service. Only one attorney for each party separately represented shall be included on such list.** Counsel **must** be able to receive notice from the Court via e-mail.

- Prior to the first pretrial conference, counsel for each group of parties whose interests are similarly aligned shall designate liaison counsel, subject to approval of the Court. Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties

within their liaison group, and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group. Liaison counsel shall maintain complete files, with copies of all documents served upon them, and shall make those files available to parties within their liaison group. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation, pursuant to Rule 8(e) of the Panel's Rules of Procedure, on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group. (See below regarding appointment of interim liaison and lead counsel.)

- Upon remand of any of these actions, the parties will be required to provide to this Court copies of any necessary and relevant papers previously filed.

- No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Rule 83.5 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

- Hearings shall not be held on any motions filed, except by order of the Court.

- Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of those papers and shall file only one paper on behalf of all so joined.

- Any orders, including protective orders, previously entered by this Court or any transferor district court shall remain in full force and effect, unless expressly vacated by subsequent order of this Court.

- All discovery proceedings in these actions are stayed until further order of this Court. The time requirements to perform any act or file any papers, pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference, at which time a discovery schedule will be established.

- The Court will be guided by the Manual for Complex Litigation – Third, approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

- **All other matters will be discussed at the initial pretrial conference, to be held on Friday, August 17, 2001, at 10:00 a.m.** Lead counsel for all parties must attend, or submit a written statement granting decision-making authority to proposed lead counsel.

- The Court hereby **temporarily** adopts the Proposed Order of Organizational Structure (June 29, 2001) until **Friday, August 17**. Accordingly, R. Eric Kennedy shall act as liaison counsel until that date, and Stanley Chesley, R. Eric Kennedy, and John Climaco shall act as co-lead counsel until that date. The Court may, after consultation with the parties, thereafter change any and every portion of the Organizational Structure Order.

- Counsel will confer before the initial pretrial conference to develop a proposed case management plan and to create an agenda for the conference. **Counsel will submit this agenda to the Court on or before Thursday, August 16, 2001.** Among other things, counsel should discuss (and include on the agenda) the following: (1) the propriety of consolidation; (2) whether this litigation is amenable to the Electronic Court Filing System used in this Court; (3)

whether this case may become suitable for reference to an Alternative Dispute Resolution (ADR) program; (4) appropriate deadlines for amendment of pleadings, expert and non-expert discovery, dispositive motions, and expert reports; and (5) the scope of discovery.

**IT IS SO ORDERED.**

*Kathleen M. O'Malley*
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE