# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: INTER-OP HIP PROSTHESIS LIABILITY LITIGATION | : : : : : : : : | MDL DOCKET NO. 01-CV-9000 (ALL CASES) <br><br> JUDGE KATHLEEN O'MALLEY |

## MOTION TO INTERVENE TO PRESERVE OBJECTIONS AND APPELLATE RIGHTS

Pursuant to Fed.R.Civ.P. 24 and LR 7.1, absent class member Frances Bryant moves this Court for leave to intervene this action for the limited purposes of advocating his/her objections to the final settlement as required by the Court's Final Notice in this action, and preserving her appellate rights in this matter, expressly reserving all objections to *in personam* jurisdiction.[1]

### Statement of Interest

Frances Bryant (Bryant ) was implanted with a defective Inter-Op acetabular shell that required revision surgery in July of 2001 The Court being aware of the grievous medical

---

[1] Pursuant to this Court's July 6, 2001 Practice and Procedure Order and its waiver of LR 83.5, it is noted that both Bryant's counsel of record are admitted to the District Courts for the Southern of Florida.

complications resulting from the defective Inter-Op shells, they are not belabored here except to emphasize that as a multiple revision candidate, Bryant is among the select few who have suffered as a result of Sulzer's defective prostheses.

As a recipient of a defective implant, Bryant is a member of the class conditionally certified in this action. As such, Bryant has the right to ensure that she is adequately represented and has a right to a fair hearing of all issues of importance to the prosecution and merits of the class action.

Bryant has been apprized of the terms of the preliminarily approved settlement agreement reached by class counsel and defendants in this action. She has objections to it, and respectfully requests leave of Court to intervene in the action for the strictly limited purpose of advocating her objections and preserving her appellate rights.

Bryant submits that in light of the importance of her due process rights and the more unusual aspects of the proposed settlement in this matter, she should be granted intervention as of right pursuant to Fed.R.Civ.P. 24(a). In the alternative, she should be permitted to intervene pursuant to section (b) of that Rule.

## Brief Statement of Objections

Bryant has essentially four objections to the preliminarily approved settlement at this time, as set forth on the Short Statement of Intervenor's Objections to Preliminary Settlement, attached pursuant to Rule 24(c).

### 1. Extraordinary Injury Fund.

As one of the injured Sulzer hip implant recipients, Bryant objects to the vagueness and indeterminancy of the amounts which will be available to class members in the proposed Extraordinary Injury Fund, as well as the still largely undefined method of allocating those funds.

## 2. Lack of Defendants' Financial Information.

Bryant's second objection to the class settlement as proposed is its failure to account for the financial resources available to the settling defendants. This includes but is not limited to other potentially applicable insurance policies dating back to Bryant's first implant and the worth of Sulzer Medica and related Sulzer entities, as well as any and all distributors who are proposed to be released, and insurance potentially applicable to claims against them.

## 3. Attorney's Fee Provision Cutoff.

Bryant objects to the arbitrary cut-off date selected of February 2, 2002, wherein the settlement agreement supposedly will deny any payment of fees to attorneys who are hired by affected Class members after that date. The proposed settlement contains numerous unknown factors that will directly impact the entitlement and amounts of benefits that each Class member may have entitlement to. Each Class member will be required to affirmatively plead for, present proof of and aggressively advocate for his/her entitlement to these benefits. The Claims Administrator will have the authority to decide whether a Class member is entitled to said benefits and this Claims Administrator has the discretion to deny any Class Members' asserted claim. If the claim is denied, then the disputed claim may end up as an Appeal filed with a Magistrate or with the Circuit Court.

Denying the Class member the right of payment for attorney fees wherein the attorney was hired after February 2, 2002, arbitrarily discriminates against Class members who now seek to obtain competent legal representation to fully protect their rights under the proposed settlement.

Additionally, there are numerous potential class members suffering from defective implants to which the Defendant Sulzer has not admitted that the subject implants are part of the affected class. Accordingly, Class members will be required to prove entitlement and may not have realized

3

the need to obtain competent counsel until the lot numbers were published by Sulzer.

## Intervention

The Sixth Circuit has recently reemphasized that Rule 24 "should be broadly construed in favor of potential intervenors." Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000). Moreover, in the class action context, an absent class member "should, as a general rule, be entitled to intervene" so long as he can establish with sufficient probability that his interests are not being adequately represented. Fed.R.Civ.P. 24 advisory committee note. This liberal policy regarding intervention by absent class members is further echoed by Rule 23(c)(2) permitting appearance by counsel, and Rule 23(d)(2), providing that class notice must give absent class members the opportunity to intervene.

The importance of allowing intervention in this case derives chiefly from the fact that although Bryant as an absent class member is intended to be bound by any judgment entered in the action, she will lack the due process right of appeal regarding the judgment unless she is allowed to intervene. Shults v. Champion Int'l Corp., 35 F.3d 1056, 1060 (6th Cir. 1994). It being the case that only parties may appeal, "it is vital that district courts freely allow intervention by unnamed class members who object to proposed settlements and want an option to appeal adverse decisions." Crawford v. Equifax Payment Services, Inc., 201 F.3d 877, 881 (7th Cir. 2000).

## Bryant is entitled to intervention as of right

The Sixth Circuit has interpreted rule 24(a) as establishing four prerequisites for mandatory intervention. They are (1) the timeliness of the motion; (2) the movant's substantial legal interest in the case; (3) the impairment of the movant's ability to protect that interest without intervention; and (4) the inadequate representation of that interest by parties already before the court. Stupak-

4

Thrall, 226 F.3d at 471. Bryant easily satisfies all four prerequisites easily.

This limited intervention is filed pursuant to the Court's direction as set forth in the Final Notice filed in this Class Action. See, e.g. Crawford, 201 F.3d at 880. (Abuse of discretion to deny intervention as untimely where motion filed 23 days after tentative class settlement approval). Moreover, since Bryant is intended to be bound by any judgment entered in it, she clearly has a interest in the subject matter of this action, the disposition of which as a practical matter may impair her ability to protect that interest. Accordingly, the touchstone of the mandatory intervention analysis in her case is whether Bryant can show that she may not be adequately represented by the named class members currently before the Court.

In this regard, it must be emphasized that Bryant does not have to show that her interest is "wholly adverse" to the named class members. Jansen v. City of Cincinnati, 904 F.2d 336, 343 (6th Cir. 1990). Nor does she have to demonstrate any "collusion" between defendants and class counsel, or other such conduct severely detrimental to her interests. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983).

Indeed, Bryant is "not required to show that the representation [of her interests] will in fact be inadequate." Grutter v. Bollinger, 188 F.3d 394, 400 (6th Cir. 1999). (Emphasis added). To the contrary, her only burden is to show that "there is a *potential* for inadequate representation." Stupak-Thrall, 226 F.3d at 472. (Emphasis in original). Importantly, this "potential" exists where there is a likelihood that the less than all of the issues or arguments important to Bryant will be made by existing parties. Jansen, 904 F.2d at 343; Grutter, 188 F.3d at 400.

As the recipient of a defective hip implant, the severity of Bryant's suffering since the first implant gives special force to her objections regarding the indeterminate nature of the extraordinary

injury fund, the non-disclosure of financial information, and arbitrary cut-off date for payment of class member attorney fees by which the parties intend to effect for all practical purposes a unilaterally composed class action settlement.

None of these issues were addressed by class counsel in a matter satisfactory to Bryant prior to the submission of the final settlement agreement. The failure to address the details of the extraordinary injury fund leaves Bryant uncertain as to how vigorously class counsel is advocating on behalf of seriously injured claimants, while the failure to address potentially applicable insurance and the financial condition of Sulzer Medica calls into question not only the fairness of the overall settlement amount, but also the necessity for any settlement lien in favor of the class.

Having demonstrated her good-faith objections to the proposed class settlement of her serious injury claims, and shown at least the potential for inadequate representation of her by the named class members, Bryant makes the minimal showing necessary to support her motion to intervene. Buchet v. ITT Consumer Financial Corp., 845 F.Supp. 684 (D. Minn. 1994) (Motions to intervene granted where objections placed absent class members "at odds" with class counsel). Bryant is therefore entitled to intervention as a matter of right.

### Bryant should be granted permissive intervention.

Even if this Court does not agree that Bryant is entitled to mandatory intervention, it is urged in the alternative that she be granted permissive intervention. Permissive intervention is appropriate, due not only to the questions of law and fact common to her claims and this proposed settlement, but also the limited scope of the intervention sought and the resulting lack of any adverse impact it would have on the speedy disposition of this action.

Because Bryant's claims are proposed to be settled in this case, they share questions of law

6

and fact common to those being litigated in this MDL. Moreover, because Bryant seeks only a very limited intervention, it will not delay this litigation in the least, let alone unduly so. Because intervention is necessary to preserve Bryant's appeal rights, it is submitted that although the matter is well within the scope of this Court's discretion, that discretion would be beneficially exercised in favor of granting the limited intervention herein sought.

## Conclusion and Request for Relief

For the reasons expressed, and without waiving objections to *in personam* jurisdiction, Bryant respectfully requests this Court to enter an order permitting her limited intervention and noting her objections filed in this matter, wherein she may:

1. Receive copies of all papers filed and/or served in the action,

2. Submit written and oral argument concerning her objections at appropriate times, and as expressly required by the Court's Final Notice issued in this Class Action in order to Appear at the May 6th Fairness Hearing;

3. Preserve her appellate rights in the action.

Respectfully submitted,

> BRIAN J. CONNELLY, Esq.
> **Gould, Cooksey, Fennell, O'Neill,**
> **Marine, Carter & Hafner, P.A.**
> 979 Beachland Blvd.
> Vero Beach, FL 32963
> (561) 231-1100
> (561) 231-2020 FAX
> Florida Bar No. 0058815
> Attorney for Plaintiff/Intervenor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via First Class U.S. Mail to liaison counsel named below on April 17, 2002, as well as to Claims Administrator, Sulzer Settlement Trust, P.O. Box 94558, Cleveland, Ohio 44101-4558.

Plaintiffs' Liaison Counsel:

R. Eric Kennedy, Esquire
Bar No. 0006174
WEISMAN, GOLDBERG &
WEISMAN CO., L.P.A.
1600 Midland Building
Landmark Office Towers
Cleveland, OH 44115
Telephone:   (216) 781-1111
Facsimile:   (216) 781-6747
dgoetz@weismanlaw.com

Defendants' Liaison Counsel:

Richard F. Scruggs, Esquire
THE SCRUGGS LAW FIRM
P.O. Drawer 1425
726 Delmas Avenue
Pascagoula MS 39568-1425
Telephone:   (228) 762-6068
Facsimile:   (228) 762-1207

By: _____
BRIAN J. CONNELLY, Esq.
**Gould, Cooksey, Fennell, O'Neill,
Marine, Carter & Hafner, P.A.**
979 Beachland Blvd.
Vero Beach, FL 32963
(772) 231-1100
(772) 231-2020 FAX
Florida Bar No. 0058815
Attorney for Plaintiff Intervenor