01cv9000-zb-Knight-enforce.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | : | Case No. 1:01-CV-9000 |
| | : | |
| IN RE: SULZER HIP PROSTHESIS | : | (MDL Docket No. 1401) |
| AND KNEE PROSTHESIS | : | |
| LIABILITY LITIGATION | : | JUDGE O'MALLEY |
| | : | |
| | : | **MEMORANDUM AND ORDER** |
| | : | |
| | : | |

For the reasons stated below, Sulzer's motion to enforce this Court's January 6, 2006 Order (docket no. 3301) is **DENIED**.

\* \* \* \* \*

Once again, Sulzer asks this Court to enjoin the continued prosecution of the California state court case of *Knight v. Sulzer Orthopedics, Inc.*[1] The prior history of Sulzer's requests is set out in the Court's Order dated January 6, 2006 (*Claims Analysis Order*) (docket no. 3049) and will not be repeated here in any detail.

In the *Claims Analysis Order*, the Court examined the extent to which the Class Action Settlement Agreement in this MDL precluded the Knights from pursuing claims in their California state court case. The Court concluded that many of the Knights' claims were "Settled Claims" against "Released Parties," as those terms are used in the MDL Class Action Settlement Agreement,

---

[1] Case no. BC-320467, Superior Court of the State of California, Los Angeles County.

so that Sulzer's motion to enjoin the Knights from pursuing their state-court claims was well-taken in part. The Court further concluded, however, that a few of the Knights' claims remained viable. Specifically, the Court allowed the Knights to seek redress in their California case

> only to the extent that their claims: (1) address alleged deficiencies in the Zimmer Durasul hip implant, and not in the Sulzer Inter-Op hip implants; (2) do not seek to impose liability against Sulzer (as distinct from Zimmer and/or Dr. Dorr); (3) do not seek to impose liability upon any entity (including Zimmer and Dr. Dorr) on the basis of the selection, use, or removal of a Sulzer Inter-Op hip implant; and (4) seek damages allegedly caused by the contribution of the Zimmer hip implant and/or Dr. Dorr to Valerie Knights' injuries, and not for any damages caused by, or attributable to, the Sulzer Inter-Op hip implants, including the explantation thereof.

*Claims Analysis Order* at 8. The Court "enjoined [the Knights] from prosecuting all other counts contained in their state court complaint." *Id.* The essential distinction was that the Knights could pursue claims related to the implantation of the Zimmer Durasul hip implant, but could not pursue claims related to the prior explantation of the Sulzer implant.

After the Court issued the *Claims Analysis Order* clarifying the permissible scope of the Knights' state-court claims, the parties undertook discovery. Sulzer now asserts this discovery shows, beyond dispute, that Valerie Knight's pelvic fracture "occurred during the removal of a Reprocessed Sulzer Inter-Op [hip] implant," and not thereafter (such as during the implantation of the Zimmer implant). Sulzer argues that, as a matter of undisputed fact, any damage Valerie Knight suffered is wholly attributable to explantation of the Sulzer Inter-Op hip implants, and the *Claims Analysis Order* clearly enjoins prosecution of any claim for such damages. Accordingly, Sulzer asks the Court to enjoin the Knights from continuing the prosecution of their California lawsuit.

The principle of comity, however, counsels against this Court's reaching the merits of Sulzer's arguments. Sulzer's present request for injunctive relief reads very much like a motion for summary judgment. Sulzer essentially argues that: (1) the material facts are not in dispute (that is,

2

Valerie Knight's injuries are related to explantation of the Sulzer implant, not anything else); and (2) accordingly, Sulzer is entitled to judgment as a matter of law (that is, any claims for damages caused by a Sulzer implant are "Settled Claims" under the Class Action Settlement Agreement, so the Knights may not proceed). And the Knights' response also reads like a summary judgment opposition brief, pointing to evidence in the record supporting their assertion that Valerie Knight's pelvic fracture was not discovered until after Dr. Dorr inserted the Zimmer implant. Indeed, Dr. Dorr has filed a motion for summary judgment in the California state court, which presumably echoes the arguments Sulzer raises here.

Whether Sulzer is entitled to summary judgment, however, is a question properly posed to the California state court. It is true that this Court's Orders (including primarily the *Claims Analysis Order*) will be an essential point of reference in the state court's determination of whether "the moving party is entitled to a judgment as a matter of law."[2] But the analytical importance of these Orders does not vest this Court with the power or obligation to actually determine the propriety of judgment as a matter of law on the Knights' state-court claims, nor to conclude whether "all the papers submitted [in state court] show that there is no triable issue as to any material fact."[3] These are questions entirely and solely within the California court's jurisdiction.

Sulzer points to consistent statements made by Dr. Dorr – both before and after the Knights filed their lawsuit – that, Sulzer contends, show beyond argument that Valerie Knight's pelvic fracture occurred during explantation of the Sulzer hip implant. The Knights point to pre-lawsuit written medical records, as well as deposition statements made by other persons in the operating

---

[2] Cal. Code Civ. Proc. §437c, subd. (c).

[3] *Id.*

3

room, that, the Knights contend, show the fracture occurred (or, at least, *may* have occurred) during fixation of the Zimmer implant.  There is no question but that the state court is cognizant of the legal framework within which to consider all of this evidence, as this Court earlier ordered the Knights' counsel to transmit to the state court a copy of the *Claims Analysis Order*.  Whether, on the current record, Sulzer is entitled to judgment as a matter of law and undisputed fact is a decision properly made by the California state court.  This Court will not trump that court's decision.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: April 4, 2007