01cv9000-zf-Meyers.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
|  | : | Case No. 1:01-CV-9000 |
|  | : |  |
| IN RE: SULZER HIP PROSTHESIS | : | (MDL Docket No. 1401) |
| AND KNEE PROSTHESIS | : |  |
| LIABILITY LITIGATION | : | JUDGE O'MALLEY |
|  | : |  |
|  | : | **MEMORANDUM AND ORDER** |
|  | : |  |

For the reasons stated below, the Claims Administrator's motion that the Court deny the request made by Ms. Cynthia Myers for re-issuance of her second pro rata check (docket no. 3342) is **GRANTED**.

\*   \*   \*   \*   \*

Beginning in 2003, the Claims Administrator issued payment of Settlement Benefits to all claimants who participated in the Master Settlement Agreement in this Multi-District Litigation. After issuing initial benefit payments, the Claims Administrator issued to certain claimants two additional pro rata payments – one in 2006 and one in 2007. With respect to claimant Cynthia Myers, the Claims Administrator issued checks for the following amounts: (1) $428,000.00 as an initial award; (2) $18,733.61 for her first pro rata award; and (2) $2,401.26 for her second pro rata award. Pursuant to the applicable protocol, these checks were sent to Ms. Myers' attorney, Mark Holmes, of the law firm Robinson & Holmes, 112 Commerce Street, McComb, MS 39648.

All of these checks were issued with notices of reversion, explaining that, if the check was not timely cashed (or the Claims Administrator did not receive a timely request that the check be reissued), then the amount would revert to the Sulzer Settlement Trust. The checks for Ms. Myers' initial award and first pro rata award were timely cashed, but the check for her second pro rata award was not.

More than seven months after the Claims Administrator issued the check for Ms. Myers' second pro rata award, Ms. Myers wrote a letter to this Court asking that the check be re-issued. Ms. Myers asserted it was Mr. Holmes' fault that the check was not timely cashed.[1] Mr. Holmes also contacted the Claims Administrator with the same request. Both Mr. Holmes' and Ms. Myers' requests, however, came after the applicable deadlines for check re-issuance.

This Court earlier entered orders providing that settlement benefit checks not timely cashed

---

[1] Specifically, Ms. Myers alleged that Mr. Holmes did not tell her he had received the check for her second pro rata award, and never asked her to endorse it. Mr. Holmes has advised the Claims Administrator he was unable to find Ms. Myers to notify her he had received the second pro rata check, but Ms. Myers has stated her telephone number never changed and Mr. Holmes could have called her at that number.

revert to the Sulzer Settlement Trust. *See* master docket nos. 3329, 3345 & 3354.[2] Essentially, Ms. Myers' request asks for reconsideration of these Orders, saying an exception is appropriate because Mr. Holmes was negligent. Even assuming, however, Ms. Myers is correct that Mr. Holmes was negligent – and the Court reaches no conclusion on this question – this Court cannot provide a cure by ordering the Claims Administrator to re-issue the check. First, this would be contrary to the Claims Administrator's Court-approved protocols. *See* CAP 29, ¶5 (disallowing attorney failures or reliance on counsel as a basis for extension of time). Second, if the Court makes an exception to its prior Orders and directs the Claims Administrator to reissue the second pro rata award to Ms. Myers, many other claimants whose pro rata benefits also reverted to the Trust might also seek re-issuance, which would make uncertain how and when the Claims Administrator may dispose of the residue of the Sulzer Settlement Trust. And third, the Sulzer Settlement Trust cannot insure against an attorney's negligence. If Mr. Holmes was, in fact, negligent, then Ms. Myers' remedy is to pursue a claim against her attorney and/or contact the local bar association.

---

[2] The Order at docket no. 3345, entered on January 29, 2009, authorized the Claims Administrator to make additional payments to the most significantly injured claimants. The Order stated that "Any check issued pursuant to this protocol must be cashed within 180 days of issuance or the sum shall revert to the Sulzer Settlement Trust." *Order* at 3. The Order at docket no. 3354, entered on April 5, 2010, addressed claimants who had never cashed their first pro rata check. The Order granted the Claims Administrator's request to try to find those claimants and re-issue them their checks, and further stated that the Claims Administrator should "allow 90 days for such checks to be cashed," after which time the amounts would revert to the Sulzer Settlement Trust. *Order* at 2. The Order at docket no. 3329, entered on Dec. 3, 2007, authorized the Claims Administrator to issue second pro rata payments and stated: the "checks must be cashed within 90 days of the check being issued unless, before that date, the recipient requests that a new check be issued for reasons satisfactory to the Claims Administrator;" and "If the . . . check, or a timely re-issued check, is not cashed within 90 days of its issuance, the check shall be void and the pro rata payment amount shall revert to the Sulzer Settlement Trust and the intended recipient of the pro rata payment shall not be entitled to payment of the pro rata amount from the Sulzer Settlement Trust." Order at 3.

Accordingly, Ms. Myers' request for re-issuance of her second pro rata check is denied.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

**DATED**: October 7, 2010